UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BROOK EVAN GRZELAK,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 2:16-cv-160
　　　　　　　　　　　　　　　　　　　　　　　　HON. GORDON J. QUIST
THOMAS WINN,

    Respondent.
_____/

# REPORT AND RECOMMENDATION

Petitioner, Brook Evan Grzelak, filed this petition for writ of habeas corpus challenging his jury conviction for two counts of breaking and entering a building with the intent to commit a larceny, two counts of safe breaking, and one count of possession of burglar's tools. Petitioner was sentenced to a term of imprisonment of 76 to 360 months for each breaking and entering conviction, a term of imprisonment of 114 to 360 months for each safe breaking conviction, and a term of imprisonment of 4 to 15 years for possession of burglar's tools conviction. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

    Petitioner alleges that:

    I. The seizure of evidence occurred in Wisconsin and therefore the legality thereof, is governed by Wisconsin law.

    II. The consent to search the van was invalid on several legal standards.

    III. Trial court committed "clear error" in its application of the "inevitable discovery" and "plain view" doctrines.

        IV. Petitioner's constitutional right to consult with competent counsel was denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the

state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his Fourth Amendment rights were violated when police searched and seized his van and discovered the grinder and extension cord inside a white bag, his shoes, and his jacket. Petitioner also claims that the trial court erred in its application of the "inevitable discovery" and "plain view" doctrines to determine whether the police properly seized

the evidence in Petitioner's van. Petitioner raised his Fourth Amendment claims in the state courts. All three levels of the Michigan state courts denied Petitioner's claims. In the opinion of the undersigned, Petitioner's claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), cert. denied, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Williams v. Brown, 609 F.2d 216, 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. See Boyd v. Mintz, 631 F.2d 247, 250 (3rd Cir. 1980); Gates v. Henderson, 568 F.2d 830, 840 (2nd Cir. 1977) (en banc), cert. denied, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id*. at 526 (footnote omitted).

The record reveals no reason why Petitioner would have been prevented from raising his Fourth Amendment claims in the state courts. Indeed, Petitioner did have the opportunity to raise these issues in the state courts where they were rejected. Accordingly, in the opinion of the undersigned, Petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*.

Petitioner claims that the trial court erred in declining to apply Wisconsin law to determine the admissibility of the evidence seized from the van. There is no constitutional

requirement that evidence obtained in another jurisdiction must be suppressed if it was obtained in violation of some local law. The Michigan Court of Appeals addressed this issue:

> This Court previously concluded that the admissibility of evidence is decided by Michigan law, no matter where the evidence had been discovered. See *People v. Krause*, 206 Mich App 421, 422-423; 522 NY2d 667 (1994) (holding that the admissibility of the defendant's confession made in California is assessed under Michigan law). This holding is consistent with the general rule that if a search is illegal in the jurisdiction where it occurs but is not illegal in the prosecuting jurisdiction, the prosecuting jurisdiction will not suppress the fruits of the search. See 2 LaFave et al, Criminal Procedure (3d ed), §3.1(e), pp 32-33… Thus, contrary to defendant's claim, *Di Re* does not hold that violation of state search and seizure law automatically violates the United States Constitution, nor, in this case, does it require the application of Wisconsin law… see also 1 LaFave, Search and Seizure (5th ed), §1.5(c), pp 227-230 ("[I]t is well to note that unquestionably there is no constitutional requirement that evidence obtained in another jurisdiction be suppressed merely because the process of acquisition offended some local law."

Michigan Court of Appeals decision at 4-5 (PageID.23-24). In the opinion of the undersigned, Petitioner has failed to show that the Michigan Court of Appeals decision was an unreasonable application of clearly established law as determined by the United States Supreme Court.

Petitioner claims that his consent to the search of his van was invalid and that the trial court should have suppressed the evidence obtained through the search. Consent is valid only when it is "unequivocally, specifically, and intelligently given, uncontaminated by any duress and coercion." *United States v. Worley*, 193 F.3d 380, 386 (6th Cir. 1999). The validity of consent is assessed under the totality of the circumstances. *Id.* In conducting such an inquiry, the court should examine the following factors: "the age, intelligence, and education of the individual; whether the individual understands the right to refuse to consent; whether the individual understands his or her constitutional rights; the length and nature of detention; and the use of coercive or punishing conduct by the police." *Id.* Petitioner claims there were five reasons his

5

consent was invalid, including that his consent was obtained under a coercive environment and his belief that not giving consent was fruitless for the search was a "foregone conclusion." Michigan Court of Appeals at 6 (PageID.25). The Michigan Court of Appeals refuted all five claims, relying on Petitioner's own testimony showing there was no coercion and that Petitioner knew police would have to apply for a warrant if Petitioner did not give his consent. *Id.* In the opinion of the undersigned, the state courts gave Petitioner a fair opportunity to argue his Fourth Amendment invalid consent claim. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Accordingly, in the opinion of the undersigned, Petitioner's claims are barred.

Petitioner claims that he was denied the right to counsel during his initial conversation with police. "[A] person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois*, 406 U.S. 682, 688 (1972) (citing *Powell v. Alabama*, 287 U.S. 45 (1932)). Custodial interrogation and the privilege against compulsory self-incrimination are tied in with the Fifth Amendment. "In *Miranda v. Arizona*, 384 U.S. 436 (1966), the rules established for custodial interrogation included the right to the presence of counsel." *Id.* at 694. The Michigan Court of Appeals summarized why Petitioner was not denied his right to counsel:

> At the outset, it is clear that defendant's Sixth Amendment right to counsel had not yet attached when he consented to the search of his van. That right attaches 'only after adversarial legal proceedings have been initiated against a defendant…' Defendant's invocation of his Fifth Amendment right to counsel also is unavailing… [T]his Court has recognized that a request for consent does not constitute custodial interrogation, such that a defendant's Fifth Amendment right to counsel is not implicated when consent to search is obtained while a defendant is in custody… Thus, there is no basis for concluding that defendant was denied his right to counsel, as

6

>  defendant's Fifth Amendment right to counsel did not apply to
>  Messer's request for consent to search defendant's van.

Michigan Court of Appeals decision at 8 (PageID.27).  In the opinion of the undersigned, the Michigan Court of Appeals' decision that Petitioner's right to counsel had not been violated did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner claims that defense counsel provided ineffective assistance, and that he was forced to choose between continuing to receive that ineffective assistance or move forward as a *pro se* litigant.  In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack).  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  The Michigan

Court of Appeals reviewed the ineffective assistance of counsel claim and found no basis for ruling in Petitioner's favor:

> [D]efendant has failed to demonstrate that his counsel was incompetent or unprepared. As stated above, counsel was correct that Wisconsin law did not apply to the admissibility of the evidence recovered from defendant's van, and neither letter demonstrates that defense counsel's performance fell below an objective standard of reasonableness. Moreover, we find no basis for concluding that defendant was 'forced to make the Hobson's choice … between incompetent or unprepared counsel and appearing *pro se*.' There is no indication in the record received on appeal that the trial court prevented defendant from receiving substitute counsel rather than proceeding *pro se*, and defendant does not assert that the trial court failed to comply with the requisite procedures in MCR 6.005(D)…

Michigan Court of Appeals decision at 10 (PageID.29). In the opinion of the undersigned, the Michigan Court of Appeals properly applied the *Strickland* test to determine there was no ineffective assistance of counsel. Moreover, the Michigan Court of Appeals' decision was not based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

8

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of Petitioner claims of ineffective assistance of counsel was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     May 30, 2017                    */s/ Timothy P. Greeley*
                                           TIMOTHY P. GREELEY
                                           UNITED STATES MAGISTRATE JUDGE