UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BROOK GRZELAK #934391,

    Petitioner,

v.                                                       Case No. 2:16-CV-160

THOMAS WINN,                                HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 30, 2017, Magistrate Judge Timothy Greely issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition under 28 U.S.C. § 2254. (ECF No. 15.) Petitioner timely filed a number of objections. (ECF No. 17.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting a de novo review of the R & R, the objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Petitioner was convicted in state court of two counts breaking and entering a building with intent to commit a larceny, two counts of safe breaking, and one count of possession of burglar's tools. The convictions stemmed from the burglary of two restaurants in Escanaba, Michigan. According to the Michigan Court of Appeals:

> Shortly after the burglaries, Investigator Robert Messer of the Ashwaubenon Public Safety Department in Wisconsin testified that he was contacted by Escanaba Department of Public Safety Detective Todd Chouinard. Chouinard gave Messer the license plate number of the van that had been seen in the area at the time of the burglaries, which "registered back to the Green Bay area." Messer ran the license plate number and determined that [Grzelak] was the owner.

> Messer investigated [Grzelak] and learned, during the course of his investigation, that [Grzelak]'s van was located in the parking lot of the Allouez Village Hall, which also functioned as the police station. [Grzelak] was at the Village Hall in order to file a police report regarding a burglary that had occurred at his house.
>
> When Messer arrived at the Village Hall, he looked inside the windows of the van and observed what he believed to be a grinder and an extension cord in a white bag. Messer testified that he called [Grzelak]'s probation officer, who asked Messer to inquire if [Grzelak] had traveled to Michigan, would he have been in violation of the terms of his probation. The probation officer confirmed that it would be a violation.
>
> Messer then entered the Village Hall to speak with [Grzelak]. Messer testified that he had received a photograph of the burglary suspect from Detective Chouinard, and the shoes and coat that [Grzelak] was wearing were "similar" to the items of clothing that the burglary suspect had been wearing in Michigan. Messer explained to [Grzelak] that he was investigating the Escanaba burglaries. [Grzelak] admitted that he had been in Escanaba. According to [Grzelak], Messer immediately stated after [Grzelak]'s admission that he was placed under arrest for violating his probation by leaving the state.
>
> There is no dispute that at the conclusion of their discussion, Messer asked for consent to search [Grzelak]'s van, and [Grzelak] agreed.

(ECF No. 1-3 at PageID.21.)  The search of the van produced a ski mask, a white cloth bag, a safe grinder, and an extension cord.  (*Id.* at PageID.20.)

"*Stone v. Powell* in the main prohibits federal habeas corpus review of a state prisoner's Fourth Amendment claim." *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013) (citing 428 U.S. 465, 486, 96 S. Ct. 3037, 3048 (1976)). "This prohibition… applies only to prisoners who received 'the opportunity for full and fair consideration' of their claims in state court." *Id*. at 637-38 (quoting *Powell*, 428 U.S. at 486, 96 S. Ct. at 3048).  An "'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id*. at 639.

Petitioner's first two objections simply argue that the state courts incorrectly applied Fourth

Amendment law to his case. (ECF No. 17 at PageID.1268-70.) Such arguments are barred under *Stone* where, as here, Petitioner presented them to state trial and appellate courts. *See Good*, 729 F.3d at 640. These objections are overruled.

Petitioner had also argued that his consent for the search of the van was invalid because it was obtained in violation of his Fifth and Sixth Amendment rights to counsel. The state court rejected these arguments, and held that Petitioner's Sixth Amendment right had not yet attached, and that a request for consent to search is not an "interrogation" for the purposes of the Fifth Amendment analysis. (ECF No. 1-3 at PageID.27.) The R & R found this to be a reasonable application of established federal law. (ECF No. 15 at PageID.1262-63.)

Petitioner objects on both points. First, Petitioner argues that the Sixth Amendment right had attached because he was arrested on a probation hold: and "When a person is arrested on a probation hold, the adversarial process has begun entitling a probation violator to an attorney under the Sixth Amendment because upon revocation, the probationer goes back before the trial court for sentencing, a critical stage of the adversarial process." (ECF No. 17 at PageID.1276.) Second, Petitioner simply asserts that, contrary to the law cited by the state appellate court, the request for permission to search the van constituted a custodial interrogation. (*Id*.)

Petitioner cites no case from the United States Supreme Court for either of these positions. This objection is overruled.

Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must

3

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Reasonable jurists could not find that a dismissal of Petitioner's claims could be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Objections to the Report and Recommendation (ECF No. 17) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 15) is **ADOPTED** as the Opinion of the Court, and Petitioner's petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c).

A separate judgment will enter.

This case is concluded.

Dated: August 11, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE